KENNEDY, Judge (dissenting). {21} I do not concur with the majority’s opinion in this case because I conclude that in every case the tort of defamation requires proof of actual injury to the plaintiffs reputation. That the existence of other damages that might accrue as a result of an injury are a different thing than what might establish the injury itself. Damages are not injuries, but result from injuries. For that reason, Plaintiffs failure to specifically prove an injury to his reputation cannot be assuaged by his proving that the defamatory publication caused him humiliation and anguish. There are other torts available that can provide compensation to a plaintiff for being humiliated. {22} I believe this opinion confuses establishing an entitlement to receive damages that result from an injury with establishment of a cause of action. Hence, I do not believe that UJI 13-1002(B)(8) is misguided, nor do I believe UJI 13-1010 establishes elements of the cause of action. I think the former sets out the elements of the cause of action, including requiring proof of “actual injury,” and that the latter sets out those things that might be proven as “actual damages.” Injury is not damages, either under the UJI or, more importantly, the case law, and I do not believe that any particular type of damages (in this case, humiliation and agony) can drive the calculation of whether an “actual injury” gave rise to the “actual damage.” {23} I reached this conclusion while again reading the discussion of Gertz in Marchiondo, 98 N.M. at 403, 649 P.2d at 471. Although “actual injury” may include humiliation and the like, causing anguish, humiliation, and other injuries to reputation can be accomplished in other ways and by other torts than defamation. I conclude then that the inclusion of actual injury to reputation as an element of the tort of defamation is the sine qua non of defamation. Otherwise, there is nothing defamatory to distinguish a tort producing mental anguish and humiliation from, for instance, the tort of outrage or prima facie tort, if those “feelings” injuries can stand alone. Hence, I believe that the circulated opinion misreads Marchiondo’s discussion of Gertz. I also believe that Poorbaugh doesn’t establish any principle relating to “actual injury to reputation,” save by saying that publication only to a spouse was not publication sufficient to support an action. 99 N.M. at 21, 653 P.2d at 521. I agree the jury instructions were adopted pursuant to the invitation in Marchiondo, and think both the UJI’s can stand for each part of the equation in defamation cases. See Marchiondo, 98 N.M. at 403, 649 P.2d at 471. I conclude that New Mexico’s inclusion of UJI 13—1002(B)(8) is quite intentional and meaningful. I also conclude that this is the basis for Fikes’ language insisting on proof of the injury to reputation element contained in UJI 13—1002(B)(8). Fikes, 134 N.M. at 606, 81 P.3d at 549. Hence, I regretfully cannot tread the path scouted by the majority opinion and respectfully dissent.